Louis A. Santiago, OSB No. 783610
serve.las@hklaw.com
Garrett Garfield, OSB No. 093634
serve.gsg@hklaw.com
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Telefax: (503) 241-8014

Attorneys for Petitioner/Plaintiff,
*Stena Oil AB*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STENA OIL AB<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>M/V LORD, her engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, *in rem*,<br><br>　　　　　　Defendant. | Case No.:<br><br>**<u>VERIFIED COMPLAINT</u>** |

　　　　Plaintiff Stena Oil AB ("Stena") by and through its attorneys, Holland & Knight LLP, for its Verified Complaint against Defendant vessel M/V Lord, her engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, *in rem*, (together, the "Vessel") alleges upon information and belief as follows:

Page 1 -    VERIFIED COMPLAINT

**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

## THE PARTIES, JURISDICTION, AND VENUE

1.  This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of 28 U.S.C. § 1333, 46 U.S.C. § 31341, 46 U.S.C. § 31342, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.  Venue of this action is properly found in this Court under 28 U.S.C. § 1391(b).

3.  The Vessel is now, or during the pendency of this action will be, within the jurisdiction of this Court.

4.  Stena is a corporation existing under the laws of Sweden and is in the business, *inter alia*, of supplying fuel to marine vessels ("bunker fuel").

5.  The Vessel is a 30,053 gross registered ton bulk carrier, of Panama flag, with the IMO number 9290244.

## BACKGROUND

6.  In October, 2011, the Vessel was in operation and was chartered by her owner to Allied Maritime, Inc., which is a company that at material times herein had its main office in Athens, Greece ("Allied Maritime").

7.  In or around October, 2011, Stena entered into an agreement with Allied Maritime pursuant to which Stena agreed to provide bunker fuel to the Vessel in exchange for payment by Allied Maritime of $725,463.99 (all dollar figures USD).

8.  On October 12, 2011, in accordance with the said agreement, Stena provided bunker fuel worth $725,463.99 to the Vessel off the port of Lomé, Togo, West Africa.

9.  Stena provided Allied Maritime with an invoice for the said delivery, a true and correct copy of which is attached as **Exhibit A** ("the Invoice.")

Page 2 -    VERIFIED COMPLAINT

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

10. Under the terms of the Invoice, Allied Maritime agreed to pay Stena within 30 days from the date of delivery, and further agreed to pay, as an overdue payment, a 15% interest charge from due date on all unpaid amounts.

11. Allied Maritime had actual and implied authority to order the bunker fuel, as necessaries, for the Vessel and so to bind the Vessel to liability *in rem* for payment for the said necessaries.

12. Stena supplied the bunker fuel to the Vessel in reliance upon and based on the security of the Vessel itself.

13. On October 12, 2011, the date Stena provided the bunker fuel to the Vessel, the Vessel's Master and/or Chief Engineer certified, on behalf of the Vessel's owner, that the owner would be liable for the debt incurred by receipt of the bunker fuel, and further agreed on behalf of the said owner and certified that Stena would have a lien in the Vessel for the said debt. Said certification is set forth in the express terms of the Invoice.

14. Based on the amount of fuel supplied by Stena to the Vessel, Stena reasonably believes that at the completion of the charter of the Vessel by Allied Maritime, there remained on board a certain amount of the bunker fuel that was supplied by Stena under the above Invoice. Stena believes that the said bunker fuel has been used by the Vessel and her owner for the benefit of the Vessel in the subsequent operation of the Vessel.

15. Under the terms of the Invoice and by reason of Stena's supply of bunker fuel, a necessary, to the Vessel, Stena is entitled to assert a maritime lien on the Vessel for the amount of any unpaid sums due and owing for the said supply.

Page  3 -    VERIFIED COMPLAINT

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 243-2300

16. On December 16, 2011, Allied Maritime made partial payment of $250,000.00 toward the $725,463.99 owing under its agreement with Stena for the provision of bunker fuel to the Vessel, leaving $475,463.99 still owing.

17. On January 5, 2012, Allied Maritime made partial payment of $205,463.00 toward the remaining $475,463.99 owing under its agreement with Stena for the provision of bunker fuel to the Vessel, leaving $270,000.99 still owing.

18. Since January 5, 2012, Allied Maritime has made no further payments toward the $270,000.99 still owing under its agreement with Stena for the provision of bunker fuel to the Vessel, despite repeated reminders and requests for payment from Stena.

19. Allied Maritime's failure to pay the remaining amounts owing under its agreement with Stena for the provision of bunker fuel to the Vessel has damaged Stena in the amount of $270,000.99, plus interest amounting to date to $29,544.05 and continuing to accrue at a rate of 15% on the amount still unpaid.

20. Under the circumstances, Stena is entitled to a maritime lien on the Vessel in the amount of $270,000.99, plus interest amounting to date to $29,544.05 and continuing.

## FIRST CAUSE OF ACTION

21. Stena realleges paragraphs 1–20 above as if they were repeated and set forth in full herein.

22. Allied Maritime, the Vessel's charterer, procured necessaries for the Vessel by contracting with Stena for delivery of bunker fuel to the Vessel.

23. Stena duly supplied necessaries to the Vessel in reliance on the security of the Vessel and pursuant to an express agreement that such supply of necessaries would entitle Stena to a maritime lien on the Vessel for any unpaid amounts due for such supply.

Page 4 - VERIFIED COMPLAINT

**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

24. Allied Maritime breached its contract with Stena by failing to pay the full amount promised in exchange for delivery of the bunker fuel on October 12, 2011, to Stena's damage in the amount of $270,000.99, plus interest amounting to date to $29,544.05 and continuing to accrue at a rate of 15% on the amount still unpaid.

25. Stena, as the provider of necessaries to the Vessel upon order of the Vessel's charterer, and for which Stena has not been paid, has a maritime lien on the Vessel.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against the Vessel, *in rem*, under Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

2. That notice of the commencement of this suit in manner approved by the Court be given to the owner, custodian, master, or other ranking officer of the M/V LORD, and to any person, firm, or corporation that has recorded a notice of claim of any undischarged lien upon the Vessel;

3. That under Rule C(3) of the Supplemental Rules For Certain Admiralty and Maritime Claims, this Court enter an order authorizing a warrant for the arrest of the Vessel, her engines, machinery, masts, spares, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances to said Vessel appertaining or belonging whether now owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals, and replacements made to said Vessel;

Page  5 -    VERIFIED COMPLAINT

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 243-2300

4. That a warrant issue forthwith for the arrest of the Vessel, her engines, machinery, masts, spares, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances to said Vessel appertaining or belonging whether now owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals, and replacements made to said Vessel;

5. That judgment of condemnation and sale be entered against said Vessel, her engines, tackle, appurtenances, etc.

6. That the Vessel be sold and the proceeds of the Vessel be applied to costs and expenses associated with this action, and then applied to payment of the amounts owing, plus interest, to Stena Oil AB under its October 12, 2011 invoice to Allied Maritime, Inc.

7. That Plaintiff Stena Oil AB receive any other and further relief as this Court deems just and proper.

DATED: June 15, 2012

                HOLLAND & KNIGHT LLP

                By: \_/s/ Garrett S. Garfield_____
                    Louis A. Santiago, OSB No. 783610
                    serve.las@hklaw.com
                    Garrett Garfield, OSB No. 093634
                    serve.gsg@hklaw.com
                    HOLLAND & KNIGHT LLP
                    2300 U.S. Bancorp Tower
                    111 S.W. Fifth Avenue
                    Portland, OR 97204
                    Telephone: (503) 243-2300
                    Telefax: (503) 241-8014

                    Attorneys for Petitioner/Plaintiff,
                    *Stena Oil AB*

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

## VERIFICATION

I, Patrik Petersson, state as follows:

I am the Executive Vice President of Stena Oil AB, plaintiff in the foregoing action. I am familiar with the facts and circumstances giving rise to the foregoing action, both through my own personal knowledge, and through communication with other Stena Oil AB officers and employees. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I am authorized by Stena Oil AB to make this verification on its behalf.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made subject to penalty for perjury under the laws of the United States.

_____
Patrik Petersson
Executive Vice President

**STENA OIL AB**

Page 8 -   VERIFIED COMPLAINT

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300